UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE J. MAGERS,

        Plaintiff,

                                       Case No. 1:06-cv-767

v.

                                       Hon. Wendell A. Miles

UNUM PROVIDENT CORPORATION,

        Defendant.

_____/

OPINION AND ORDER

        Plaintiff claims she is entitled to long term disability benefits pursuant to an employee benefit plan, and has filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Presently before the court is Plaintiff's Motion to Remand and for Stay of Judicial Proceedings. For the following reasons, the court denies the motion.

        Defendant approved Plaintiff's claim for long term disability benefits on October 31, 2003. On January 9, 2004, Defendant advised Plaintiff that she was required to apply for social security disability benefits and to keep Defendant informed of the status of her claim, which Plaintiff did. Plaintiff received disability benefits until December 31, 2005, when she was notified that she no longer qualified. Plaintiff appealed the decision to terminate benefits. The appeal was denied on August 23, 2006. Plaintiff filed the instant case on October 25, 2006. On December 8, 2006, a social security administrative law judge found that Plaintiff was disabled and entitled to social security disability benefits. Plaintiff now seeks to

remand this matter back to the Defendant to reopen the administrative record so that Defendant may consider Plaintiff's award of social security disability benefits.

When an employee benefit plan grants a plan fiduciary discretionary authority to construe the terms of the plan, which is the situation here, the district court must apply the "arbitrary and capricious" standard of review.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110-12, 109 S. Ct. 948 (1989); Darland v. Fortis Benefits Ins. Co., 317 F.3d 516, 527 (6th Cir. 2003).  When reviewing a decision of a plan fiduciary under the "arbitrary and capricious" standard, a district court may consider only the evidence that was before the plan administrator at the time of the original decision.  Wilkins v. Baptist Healthcare Systems, Inc., 150 F. 3d 609, 619 (6th Cir. 1998).  Plaintiff argues that when there is relevant additional evidence that was unavailable at the time the plan administrator made its decision, the court may remand to the administrator for a new determination.  Plaintiff contends that Quast v. Square D Co., No. 02:01-cv-1135, 2003 WL 23415018 (S.D. Ohio, July 15, 2003) is directly on point.

In Quast, the court did remand the case in order to allow the social security decision to become part of the administrative record.  "When faced with the task of determining whether the denial of benefits was arbitrary and capricious, the Court needs this information in order to conduct a complete and meaningful review."  Id. at *3.  In Seiser v. Unum Provident Corp., 135 F. Appx. 794 (6th Cir. 2005), the Sixth Circuit Court of Appeals rejected the reasoning and decision of the Quast court:

> The district court's explanation in Quast that a remand is required to consider new evidence before a court can determine whether an outcome is reasonably reached based on the old evidence is illogical.  Moreover, we recently held that 'an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan' . . . .  Therefore, we decline [Plaintiff's] invitation to

2

>adopt the Quast approach.  Instead, we hold that where a plan administrator
>has denied a disability claim, a remand to the administrator to consider
>a contrary SSA determination issued after the administrative decision is
>unwarranted.

Seiser, 135 F. Appx. at 799-80.

Therefore, consistent with the holding in Seiser, the court DENIES the Plaintiff's Motion to Remand and for Stay of Judicial Proceedings (docket #12).

So ordered this 20th day of July, 2007.

                                              /s/ Wendell A. Miles
                                              Wendell A. Miles
                                              Senior U.S. District Judge